Dear Senator Sevario:
You have requested an Attorney General's opinion regarding whether funds held by the Horsemen's Benevolent and Protective Association (the "HBPA") are subject to the provisions of the Uniform Disposition of Unclaimed Property Statute, R.S. 9:151, et seq.
At the outset, it is relevant to note that although the HBPA is a private horsemen's organization, R.S. 4:179
"designates and recognizes" the HBPA as "an authorized representative" of its members and other horsemen "for the purpose of but not limited to negotiating contracts for such horsemen with all racing associations . . . relative to purses, hospitalization, medical benefits, conditions, and all other matters of interest and concern to horsemen." Additionally, R.S. 4:179.2 provides that "any funds" received by a horsemen's organization, such as the HBPA, including funds received from permittees and allocated as purses in accordance with4:183(4)(a) "shall be used only for the benefit of horsemen racing in the state of Louisiana".
It is also relevant to note that the conduct of the HBPA, as well as the conduct of an HBPA employee, namely the Horsemen's Bookkeeper (R.S. 4:185(A)), is heavily regulated by statute (R.S. 4:141, et seq), particularly with regard to the receipt and distribution of funds that are payable into, held in, or paid out of, the Horsemen's Bookkeeper Account (the "Account") (R.S. 4:183; 4:185).
I am advised that the funds which are the subject of your request are excess monies in the Account, which Account is statutorily required to be maintained in accordance with R.S.4:185. This office is further advised that as required by R.S.4:183, the funds in question were transferred to the Horsemen's Bookkeeper for deposit into the Account, and represent a portion of the monies referred to in R.S. 4:183(4)(a), namely, funds "allocated" by the payor licensee (the holder of a race meeting) to permittees (horse owners) "as purses".
Please be advised that it is the opinion of this office that the funds which are the subject of your inquiry are not subject to the provisions of R.S. 9:151, regarding unclaimed property. In reaching this determination, we are constrained to heed the clear and compelling provisions of R.S. 4:185, which state, in pertinent part:
 "(1) At all times the Horsemen's Bookkeeper Account shall have on deposit funds sufficient to cover all monies due to horsemen with regard to daily purses, jockey fees, stakes, handicaps, rewards, claims, deposits, monies, if any for horsemen's medical and hospital benefit programs, and pony fees."
 (2) Except for interest earned on the investment of monies in the Horsemen's Bookkeeper's Account and that portion of a pony lead fee as hereby authorized and assessed by the representative of horsemen in the state to provide retirement benefits to horsemen and to pay its administrative and operating costs, withdrawals from the account shall be only for the purposes provided in Paragraph (1) of this Subsection." (Emphasis supplied)
It is the opinion of this office that R.S. 4:185 prohibits the payment of funds held in the Account for any purpose, or to any entity or person, other than as specified therein. Payment of the funds to the Office of Unclaimed Property would appear to violate the express provisions of this statute.
I trust this adequately responds to your request. Should you need additional assistance, please do not hesitate to contact my office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
RPI:JMZ:jav 0315n